IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**RENE OROZCO,**

    Plaintiff,

vs.                                                                                                                   CIV 18-769 MV/SCY

**THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SANDOVAL; CORRECTIONS
OFFICER BRIAN EDWARDS, individually and in
his official capacity; CORRECTIONS OFFICER (FNU)
MALDONADO, individually and in his official capacity;
LIEUTENANT (FNU) TRUJILLO, individually and
in his official capacity,**

    **Defendants.**


## ORDER GRANTING MOTION TO STAY

THIS MATTER comes before the Court on the County Defendants' Motion for a Stay of all Discovery and a Protective Order Pending the Court's Decision on Defendant Edwards' Motion for Judgment on the Pleading and for Qualified Immunity. Doc. 31. On November 13, 2019, Defendant Brian Edwards filed a Motion for Judgment on the Pleadings and for Qualified Immunity, seeking judgment on the pleadings or qualified immunity as to all claims brought against him. Doc. 29. On that same day, Defendants Board of County Commissioners of the County of Sandoval and Brian Edwards (hereinafter "County Defendants") filed the present Motion to Stay, requesting that all discovery in this matter be stayed pending resolution of Defendant Edwards' qualified immunity motion. Doc. 31 at 5. County Defendants also request a protective order relieving them from responding to outstanding written discovery until the motion for qualified immunity is resolved. *Id.*

1

Defendants indicate in their Motion to Stay that, pursuant to Local Rule 7.1(a), they sought Plaintiff's position but Plaintiff did not respond, so they presume the motion to be opposed. Doc. 31 at 1 n1. Plaintiff did not file a response in opposition to the motion, and the time for doing so has elapsed. *See* D.N.M.LR. Civ. 7.4(a). Plaintiff's failure to respond constitutes consent to grant the motion. D.N.M.LR. Civ. 7.1(b).

Additionally, "qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citation omitted). Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman*, 958 F.2d at 336. Reaffirming its long-held view that discovery should be stayed when qualified immunity is asserted, the United States Supreme Court in *Ashcroft v. Iqbal*, reasoned as follows:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . . There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government . . . .

556 U.S. 662, 685 (2009).

The Court sees no reason to depart from the general rule that once a defendant files a dispositive motion asserting qualified immunity, discovery must be stayed. *See Jiron*, 392 F.3d at 414 (reasoning that because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"); *Workman*, 985 F.2d at 336 (concluding that discovery "should not be allowed" until the court makes a requested qualified immunity determination). While only Defendant Edwards is asserting qualified immunity, *Iqbal* holds that all discovery should be stayed upon the assertion of qualified immunity, even for those defendants not asserting the defense. *Iqbal*, 556 U.S. at 685.

Wherefore,

**IT IS HEREBY ORDERED** that the County Defendants' Motion for a Stay of all Discovery and a Protective Order Pending the Court's Decision on Defendant Edwards' Motion for Judgment on the Pleading and for Qualified Immunity, Doc. 31, is **granted.**

**IT IS FURTHER ORDERED** that discovery in this matter is stayed pending resolution of Defendant Edwards' Motion for Judgment on the Pleadings and for Qualified Immunity, Doc. 29. The County Defendants are relieved from responding to any outstanding discovery requests until the Court rules on that motion. Upon resolution of that motion, the Court will set a status conference, if needed, to address proceeding with discovery.

_____
United States Magistrate Judge