IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RENE OROZCO,**
    **Plaintiff,**

v.                                               No: 1:18-cv-00769-KWR-SCY

**BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF SANDOVAL, et al.**
    **Defendants.**

### REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES
(Docs. 40 and 42)

**COMES NOW** the Plaintiff, Rene Orozco, by and through his attorneys of record, MEINTZER LAW FIRM, (Ed Meintzer), and Steven K. Sanders and Associates, LLC, (Steven K. Sanders), and states the following in support of Plaintiff's Motion for leave to file a Second Amended Complaint for Damages:

Defendants make two arguments, first that the proper motion to file in order to amend the complaint is a motion to amend the Scheduling Order because the motion to amend was filed after the deadline in the Scheduling Order for amendment of the pleadings. Plaintiff recognizes that the Motion to Amend was filed after the date for amendments in the Scheduling Order and asserts both good faith in filing the Second Motion to Amend the Complaint and due diligence as well as good cause.

Plaintiff asserts that the failure to plead the basis of his claim as a 14th Amendment versus an 8th Amendment claim was a result of oversight concerning the two standards for individuals incarcerated in a prison, one a convicted person and one a detainee. That the standard of care is the same for detainees under the 14th Amendment to the United States Constitution as it is for

those incarcerated after sentencing pursuant to the 8th Amendment to the United States Constitution was an oversight by counsel.

Counsel had researched the law prior to filing the First Amended Complaint, but did not see any cases making a distinction between detainees and those individuals incarcerated after sentencing.

As soon as Plaintiff recognized the pleading error which was not brought to his attention until briefing the response to Defendants' Motions to Dismiss, he filed the Second Motion to Amend the Complaint. Good cause is shown by the fact that the standard of care under both Amendments to the United States Constitution is identical and the Court should decide the case on its merits and not on a matter of pleading. In fact, Rule 1 of the Federal Rules of Civil Procedure provides that the rules, "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Plaintiff believes that allowing the amendment is just.

Plaintiff agrees that their must be a showing of good cause to extend the deadlines in the Scheduling Order. Plaintiff argues that good cause is shown by the Motion to Amend because the standard of care under either Amendment is the same for pre-trial detainees and those incarcerated after sentencing.

Additionally, in this District, the fact that a motion is filed after the deadline to move to amend the pleadings does not in and of itself justify denial of the motion to amend. See e.g. *Ulibarri v. Energen Res. Corp*. (D. N.M. 2019):

> 1. **Timeliness**    Energen argues that the Court should deny Plaintiff's motion because it was filed after the deadline to move to amend had passed. "**The fact that a motion to amend is filed late does not by itself justify the denial of a motion to amend.**" ACC Consultants, Inc. v. Logistics Health, Inc., No. CIV. 09-1145 JP/RHS, 2011 WL 5212262, at *5 (D.N.M. Feb. 25, 2011) (citing Minter, 451 F.3d at 1205 (internal quotation omitted)). "However, denial

of a motion to amend is appropriate if the movant does not provide an adequate explanation for the delay." Id. (citing Minter, 451 F.3d at 1206).

Energen contends that Plaintiff is attempting to turn "his claims into 'a moving target.'" (Doc. 36 at 6 (quoting Minter, 451 F.3d at 1206).) Yet, as Plaintiff points out, he is not adding any new claims to his complaint, only new types of lease provisions to which the existing claims may apply. (Doc. 44 at 8.) As "**Plaintiff['s] proposed amendment [regarding the royalty provisions] does not add new claims[] and will not significantly alter the basic course of the litigation[,] .** . . the complaint does not appear to be a moving target." Soseeah, 2014 WL 12796813, at *2 (citing Viemow v. Euripides Dev. Corp., 157 F.3d 785, 800 (10th Cir. 1998)).Page 8

Energen cites several cases to support its position that Plaintiff's delay in filing this motion was undue, but the cases are all distinguishable. (See Doc. 36 at 4-5.) For example, in Guidance Endodontics, LLC v. Dentsply, International, Inc., the court found that the plaintiff unduly delayed moving to amend its complaint where it "had access to enough information to generate its Amended Complaint in early March of 2009" but "did not file its motion to amend . . . until August 31, 2009 . . . ." No. CIV 08-1101 JB/RLP, 2009 WL 3672505, at *4 (D.N.M. Sept. 29, 2009). Moreover, the plaintiff filed its "motion ten days before trial . . . ." Id.; see also Five Star Automatic Fire Prot., LLC v. Nuclear Waste P'ship, LLC, Civ. No. 14-622 JCH/GBW, 2015 WL 13544092, at *2 (D.N.M. Dec. 9, 2015) (denying motion to amend answer to assert counterclaims where discovery had ended and trial date would need to be rescheduled). Neither of these circumstances are present here. **Plaintiff waited only weeks to file this motion (approximately six weeks after receiving the discovery and taking time to independently investigate the discovery, and less than two weeks after Energen confirmed it had the relevant leases), and the parties are not up against a trial date.** The Court finds that any delay in Plaintiff's motion was not undue.

**2. Prejudice**   The Court finds Energen will not be unduly prejudiced by the addition of the two new types of royalty provisions. "**Prejudice exists where the amendment unfairly impacts defendants in terms of preparing their defense to the amendment.**" Navarro v. N.M. Dep't of Pub. Safety, No. 2:16-CV-1180-JMC-CG, 2018 WL 2770134, at *2 (D.N.M. June 8, 2018) (citing Minter, 451 F.3d at 1208). **"This occurs often 'when the amended claims arise out of subject matter different from what was set forth in the complaint and raise significant new factual issues.'"** Id. (quoting Minter, 451 F.3d at 1208).Page 9   Energen complains it will be prejudiced because the parties will require additional discovery to focus on the new types of leases and the new named plaintiff. (Doc. 36 at 6-7.) Plaintiff counters that "Energen's discovery responses are applicable to the new lease agreements which contain the two new royalty provisions[,]" and Energen already has the leases in its possession that contain the two new types of royalty provisions. (Doc. 44 at 9.) The Court finds

3

that adding the two new types of royalty provisions, from leases that Energen already possesses, will not "raise significant new factual issues" or significantly impact Energen's defense. See Navarro, 2018 WL 2770134, at *2. "Moreover, any objections on expended time and resources" due to any perceived revision and expansion of discovery "must fail as well." Id. (citing Bylin v. Billings, 568 F.3d 1224, 1230-31 (10th Cir. 2009) (noting "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice")). The Court finds that adding the two new royalty provisions "does not change the nature of the case, nor does it present any new factual issues. Most likely, any additional discovery necessitated by this amendment is within [Energen's] control." See Soseeah, 2014 WL 12796813, at *3. Thus, the Court will grant Plaintiff's motion with respect to the addition of the two new royalty provisions.

Excerpt from *Ulibarri v. Energen Res. Corp*. (D. N.M. 2019)

As in *Ulibarri*, Defendants will not be prejudiced because Defendants themselves have already argued that the standard of care is the same. See page 12, Defendants' Motion for Judgment on the Pleadings, Doc. 28.

According to *Abraham v. WPX Prod. Prods., LLC* (D. N.M. 2016), the United States Supreme Court has recognized that in the absence of undue delay, bad faith or dilatory motive, leave to amend should be freely granted:

> **The Supreme Court of the United States has stated that, in the absence of an apparent reason such as "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be freely given.** Foman v. Davis, 371 U.S. 178, 182 (1962). Furthermore, the United States Court of Appeals for the Tenth Circuit has held that district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim. See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001). See also In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80.Page 28

According to *People's Trust Fed. Credit Union v. Nat'l Credit Union Admin. Bd*., 350 F.Supp.3d 1129 (D. N.M. 2018), the Tenth Circuit has noted a rough similarity between the good cause standard in rule 16 and the "undue delay" standard in rule 15 and additionally noted that

4

Rule 16 is not designed as a straightjacket on the District Court discretion on the conduct of litigation:

> The Tenth Circuit has noted that the "good cause" standard of rule 16 is "an arguably more stringent standard than the standards for amending a pleading under Rule 15." Bylin v. Billings, 568 F.3d at 1230 People's Trust Fed. Credit Union v. Nat'l Credit Union Admin. Bd., 350 F.Supp.3d 1129 (D. N.M. 2018)**The Tenth Circuit has also noted, however, that there is a "rough similarity" between the "good cause" standard in rule 16 and the "undue delay" standard in rule 15.** Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). **The Tenth Circuit has stated: "[I]t appears unlikely that applying Rule 16 would lead to a [350 F.Supp.3d 1143] different outcome [than rule 15 ], much less prevent a 'manifest injustice.'** " Bylin v. Billings, 568 F.3d at 1232. **The Tenth Circuit quoted other appellate courts that have applied rule 16 and have "afforded wide discretion to district courts' application of that rule."** Bylin v. Billings, 568 F.3d at 1231 (citing United States v. Dang, 488 F.3d 1135, 1143 (9th Cir. 2007) **("[T]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion.");** Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 343 F.3d 669, 684 (3d Cir. 2003) **(" Rule 16 was not intended to function as an inflexible straightjacket on the conduct of litigation.")** ). See Scull v. Mgmt. & Training Corp., No. CIV 11-0207 JB/RHS, 2013 WL 1897808 at *5 (D.N.M. April 12, 2013) (Browning, J.)(denying motion to extend under rule 16 because party did not show good cause after a Stipulated Dismissal released it from the case); Walker v. THI of N.M. at Hobbs Ctr., 262 F.R.D. 599, 604 (D.N.M. 2009) (Browning, J.( (concluding that parties' "need to acquire additional discovery, to understand the corporate relationships, and to properly name necessary parties before seeking to amend is a sufficient showing of good cause under rule 16 to grant the requested extension"). See also Lewis v. Goldsberry, No. CIV 11-0283 JB/ACT, 2012 WL 681800, at *5-6 (D.N.M. Feb. 27, 2012) (Browning, J.).
>
> *People's Trust Fed. Credit Union v. Nat'l Credit Union Admin. Bd*., 350 F.Supp.3d 1129 (D. N.M. 2018)

In the instant action, Plaintiff has been diligent in prosecuting the action and requests that the Court note that there would be no prejudice to Defendants to allow the proposed amended complaint because no new theories or facts are alleged. Further, there is no distinction between a detainee and a convicted individual in terms of the standard of care, it is only a matter of which amendment applies to each, as recognized by Defendants.

Defendants also argue that the motion should be denied pending the Court's Resolution of the pending Motion for Qualified immunity filed by Defendant Edwards.  Defendant asserts that the amendment would be futile.  (Defendants' Response to Motion to Amend, page 6).

> Along similar lines, allowing Plaintiff to amend at this time would be futile.  As Plaintiff recognized in his Motion to Amend, the 'standard under the 8th and 14th Amendment is identical.'   Plaintiff's Motion to Amend, [Document 40] p.1.  **Accordingly, Plaintiff's proposed amendment will not change the Court's analysis of whether Defendant Edwards is entitled to qualified immunity**.

Plaintiffs is simply trying to make sure that under the record that the basis for the Court's decision is not the failure to plead the 14th Amendment versus pleading the 8th Amendment as a basis of liability.  Additionally, all that Plaintiff's proposed Second Amended Complaint does is substitute the 14th Amendment for the 8th Amendment to the United States Constitution.  If the amendment does not change the Court's analysis, then Plaintiff agrees to postpone the decision.  However, if the Court's analysis is on the basis of the failure to plead the 14th Amendment to the United States Constitution, when the standard of care is the same, then Plaintiff asserts that there is no reason for delay since the amendment requested is simple and requires no additional briefing by any party, nor any additional examination of the issues by the Court.

WHEREFORE, PREMSISES CONSIDERED, Plaintiff prays that the Court Amend the Scheduling Order to allow the Second Amended Complaint to be filed and that the Court allow Plaintiff to amend his Complaint to assert relief under the 14th Amendment instead of the 8th Amendment to the United States Constitution.

          Respectfully submitted,

          */s/ Ed Meintzer*_____
          Ed Meintzer
          Meintzer Law Firm
          417 Hwy 314 NW
          Los Lunas, NM 87031
          (505) 865-9702

ed_meintzer@hotmail.com

And

*/s/ Steven K. Sanders*_____
Steven K. Sanders
Steven K. Sanders and Associates LLC
820 2nd St NW
Albuquerque, NM 87102
(505) 243-7170
(505) 243-7755 (facsimile)
stevenksanders@aol.com

CERTIFICATE OF SERVICE: I hereby certify that I filed the above pleading on this 18th day of February, 2020 through the CM/ECF system and that the Defendants' council was served a copy thereof through the electronic service of the courts.

*/s/ Steven K. Sanders*