# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RENE OROZCO,

        Plaintiff,

vs.                                             Case No. 1:18-cv-00769 KWR/SCY

BRIAN EDWARDS,
THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SANDOVAL, *et al.*,

        Defendants.

## **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT**

THIS MATTER comes before the Court upon Plaintiff's Motion for Leave to File Second Amended Complaint, filed on January 6, 2020 **(Doc. 40)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion is well-taken and, therefore, is **GRANTED.** Defendants' Motions for Judgment on the Pleadings **(Docs. 28, 29)** are **DENIED AS MOOT.**

### BACKGROUND

This case arises out of an assault on pretrial detainee Rene Orozco by several other inmates in his pod. Plaintiff alleges that Defendants violated his Eighth Amendment rights, and state law rights, by failing to protect him and failing to provide medical care.

Defendants filed motions for judgment on the pleadings. **Docs. 28, 29.** Plaintiff, in response, acknowledged that his claims should have been brought under the Fourteenth Amendment, and subsequently filed a motion for leave to amend. **Doc. 40.**

**DISCUSSION**

Plaintiff seeks leave to amend his complaint to substitute in Fourteenth Amendment claims for his already pled Eighth Amendment claims. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed.R.Civ.P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

**I.   Fed. R. Civ. P. 15(a)(2).**

The Court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). That said, "[a] district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citations omitted). In the absence of one of these grounds, leave to amend should be freely given. *Triplett v. LeFlore Cty., Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Determining whether to grant leave to amend a pleading is an exercise in the Court's discretion. *State Distributor's, Inc. v. Glenmore Distilleries, Co.,* 738 F. 2d 405, 416 (10th Cir. 1984); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

None of the grounds above support denying the motion to amend. Both parties agree that the standards for a failure to protect claim under the Eighth Amendment are the same under the Fourteenth Amendment. The factual circumstances remain the same, and Defendants are well aware of the claims against them. Therefore, the Court is not inclined to dismiss this case on "procedural niceties."

Moreover, the Motion to Amend was filed without undue delay. It was filed in response to Defendants' motions for judgment on the pleadings. Discovery has been stayed and trial is not imminent.

Moreover, Defendants are not unduly prejudiced. Defendants argue that the motion to amend should be denied, because they seek dismissal based on qualified immunity. However, Defendants may file new motions for judgment on the pleadings, and the stay on discovery remains in place until lifted by United States Magistrate Judge Steven Yarbrough. Moreover, Defendants will not face new claims or new factual circumstances. Therefore, amendment does not unfairly impact their ability to prepare a defense, or force defendants to defend claims arising out of new subject matter.

Amendment would also not be futile. The Court notes the Defendants largely base their motions for judgment on the pleadings on a factual argument, rather than a legal argument testing the sufficiency of the allegations under Fed. R. Civ. P. 12(b)(6) and (c). The Court reminds Defendants that they must take Plaintiff's allegations as true. Plaintiff alleges that Defendants Edwards and Maldonado declined to release Plaintiff from a pod while he pled for help at the control room window, because they wanted to see him harmed based on an alleged sexual offender status. Plaintiff alleges Defendant Edwards and Maldonado forced Plaintiff to wait at the window for two minutes, instead of releasing him, so that he could be attacked a second time. Defendants argue different factual circumstances than are pled in the complaint, therefore those arguments may be more appropriate on *summary judgment*. However, the Court does not reach the merits of the motions for judgment on the pleadings, and Defendants may file new motions for judgment on the pleadings (or choose to proceed to summary judgment) after Plaintiff files his second amended complaint.

## II. Fed. R. Civ. P. 16(b)(4).

Because the scheduling order deadline for amending pleadings has passed, Plaintiff must also meet the requirements of Rule 16(b)(4). Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d at 1240. The rule "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Advanced Optics Elecs., Inc. v. Robins*, 769 F. Supp. 2d 1285, 1313 (D.N.M. 2010) (Browning, J.)("Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."). "The fact that a motion to amend is filed late does not by itself justify the denial of a motion to amend." *ACC Consultants, Inc. v. Logistics Health, Inc.*, No. CIV. 09-1145 JP/RHS, 2011 WL 5212262, at *5 (D.N.M. Feb. 25, 2011) (citing Minter, 451 F.3d at 1205 (internal quotation omitted)). "However, denial of a motion to amend is appropriate if the movant does not provide an adequate explanation for the delay." *Id.*

The Court finds good cause to allow amendment and concludes that Plaintiff has been diligent in seeking amendment. Here, Defendants filed their motions for judgment on the pleadings on November 7, 2019. This was after the amended pleading deadline. In his responses, filed on December 13 and December 16, 2019, Plaintiff requested that his Eighth Amendment claims be treated as Fourteenth Amendment claims, and he represented he would file a motion to amend complaint. Shortly thereafter, on January 6, 2020, Plaintiff filed his motion for leave to file second amended complaint.

Therefore, Plaintiff could not have requested leave to amend in response to the motions until after the deadline passed. Generally, the Court should liberally allow leave to amend in

4

response to a motion to dismiss when amendment would not be futile. *Triplett v. LeFlore Cty., Okl.*, 712 F.2d 444, 446 (10th Cir. 1983) (internal citations and quotation marks omitted) ("In dismissing a complaint for failure to state a claim, the court should grant leave to amend freely if it appears at all possible that the plaintiff can correct the defect. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."); *Doe v. Heil*, 533 F. App'x 831, 846 (10th Cir. 2013), *citing Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (noting that "this mandate" of freely granting leave to amend "is to be heeded").

### III. **Motions for Judgment on Pleadings are denied as moot.**

Because the Court is allowing Plaintiff to amend his complaint, the Court denies Defendants' motions for judgment on the pleadings **(Docs. 28, 29)** as moot. *See, e.g., Bledsoe v. Jefferson Cty., Kansas*, No. 16-2296-DDC-JPO, 2019 WL 4573412, at *3 (D. Kan. Sept. 20, 2019) (motion for judgment on pleadings denied as moot after granting motion to amend complaint)*; Strich v. United States*, No. 09-cv-01913- REB-KLM, 2010 WL 14826, at *1 (D. Colo.) Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative"). As noted above, Defendants may file new motions after Plaintiff files his second amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint **(Doc. 40)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file his Second Amended Complaint within **fourteen (14) days** of the entry of this order.

**IT IS FURTHER ORDERED** that the Defendants' Motions for Judgment on the Pleadings (**Docs. 28, 29**) are **DENIED AS MOOT**. Defendants may file new motions after Plaintiff has filed his second amended complaint.

**IT IS FINALLY ORDERED** that if the parties agree that certain claims or parties should be dismissed, they should file a stipulated order with the Court.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE